## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **KALPESHKUMAR AMBALAL PATEL**, *et al.*, | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | **Civil Case No. 23-1522 (RJL)** |
| **ALEJANDRO N. MAYORKAS**, *et al.*, | ) ) ) | |
| **Defendants.** | ) ) | |

## MEMORANDUM ORDER

(March ___, 2024) [Dkt. # 4, 5]

Plaintiffs Kalpeshkumar Ambalal Patel, Priyankaben Kalpeshkumar Patel, and Gracee Kalpeshkumar Patel brought the present suit seeking to compel the Government to adjudicate their pending immigration-related petitions.  *See* Pet. for Writ of Mandamus ("Compl.") ¶¶ 1, 36–50 [Dkt. # 1].   Pending before the Court is the Government defendants' ("the Government") Motion to Transfer or Dismiss ("Mot.") [Dkt. # 4, 5], according to which the defendants ask that this case be transferred to the United States District Court for the District of Minnesota or, in the alternative, that it be dismissed for improper venue.  Plaintiffs oppose such a transfer.  For the reasons described below, I agree with the defendants that the District of Columbia is an inconvenient venue and that transfer

of this action to the District of Minnesota is warranted. Accordingly, defendants' motion
is hereby **GRANTED IN PART and DENIED IN PART WITHOUT PREJUDICE**.[1]

## ANALYSIS

Pursuant to 28 U.S.C. § 1404(a), the Court "may transfer any civil action to any
other district . . . where it might have been brought" when such a transfer is in furtherance
of both the "interest of justice" and the "convenience of [the] parties and witnesses." 28
U.S.C. § 1404(a). District courts adjudicate motions to transfer under § 1404(a) using an
"individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v.
Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622
(1964)). The moving party bears the burden of demonstrating that a transfer is proper.
*Wolfram Alpha LLC v. Cuccinelli*, 490 F. Supp. 3d 324, 330 (D.D.C. 2020).

Deciding whether transfer is warranted involves a two-step inquiry. First, the
moving party must show that the case could have been brought in the transferee district.
*Ngonga v. Sessions*, 318 F. Supp. 3d 270, 274 (D.D.C. 2018). Next, the moving party must
show that the public and private interests at stake weigh in favor of transfer. *Wolfram
Alpha*, 490 F. Supp. 3d at 330.

First, the Government must establish that the case could have been brought in
Minnesota. 28 U.S.C. § 1404(a); *Ngonga*, 318 F. Supp. 3d at 274. Because plaintiffs have
sued federal officers in their official capacities, venue is governed by 28 U.S.C. § 1391(e).

---

[1] As defendants acknowledge, when courts adjudicate combined motions to transfer and motions to dismiss
in application-specific immigration cases like this one, they routinely address only the motion to transfer
and deny without prejudice the motion to dismiss so that the defendants may refile it, if appropriate, after
the approved transfer has occurred. *See* Mot. at 10 (citing *Mohammadi v. Scharfen*, 609 F. Supp. 2d 14, 16
(D.D.C. 2009)). I adopt such an approach here.

*Wolfram Alpha*, 490 F. Supp. 3d at 330.  That provision provides that a civil action involving no real property may be brought in any judicial district in which (1) a defendant resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) a plaintiff resides.  *See* 28 U.S.C. § 1391(e)(1).  Here, at least the third of these options would have supported venue in the transferee district: the plaintiffs admittedly reside in the District of Minnesota, in Plymouth.  *See* Compl. ¶ 5.

Because this case could have been brought in the proposed transferee district, the Court moves to the second step of evaluating whether the case now should be transferred to that district.  As noted above, this analysis involves consideration of certain private and public interests, and I find that both of these sets of interests weigh in favor of resolving this case in the District of Minnesota.

On the private side, a Court must consider: "(1) the plaintiffs' choice of forum, unless the balance of convenience is strongly in favor of the defendants; (2) the defendants' choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof."  *Bourdon v. U.S. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017) (quotation omitted).

On balance, I find that these factors tilt toward transfer here.  First, the plaintiffs' choice of forum, though usually "entitled to deference," is "conferred considerably less deference when it is not the plaintiffs' home forum, has few factual ties to the case at hand, and defendants seek to transfer to plaintiffs' home forum."  *Id.*; *accord Ngonga*, 318 F.

3

Supp. 3d at 275; *Melnattur v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-3013, 2021 WL 3722732, at *4 (D.D.C. Aug. 23, 2021).  That is the case here.  This district is not the plaintiffs' home forum, plaintiffs do not allege that any relevant facts occurred in the District of Columbia, and the Government seeks to transfer this case to plaintiffs' home forum.  And while the defendant's choice of forum is not ordinarily entitled to deference, it gets some deference when the defendant can show that litigation in its preferred forum is "more convenient and just." *Wolfram Alpha*, 490 F. Supp. 3d at 332; *see also Ngonga*, 318 F. Supp. 3d 275.  The Government's choice of forum receives some deference here because, as explained below, the remaining private and public interest factors suggest that the District of Minnesota is a "more convenient and just" forum. *Wolfram Alpha*, 490 F. Supp. 3d at 332.

The third factor—whether the claim arose elsewhere—also leans toward transfer. Transfer is favored when "the material events that form the factual predicate" of the plaintiff's claim "did not occur in his chosen forum." *Ngonga*, 318 F. Supp. 3d at 275 (quotation omitted).  In APA cases such as this one, "the underlying claim typically arises where the decisionmaking process occurred." *Melnattur*, 2021 WL 3722732, at *5 (quotation omitted).  The decisionmaking process for visa applications occurs in United States Citizenship & Immigration Service ("USCIS") Centers. *Id.*; *Pasem v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-344, 2020 WL 2514749, at *3 (D.D.C. May 15, 2020).  In this case, the underlying claim arises in neither this district nor the transferee district, as the USCIS Service Center processing the plaintiffs' applications is in the District

of Nebraska. Mot. at 1 n.1. However, some relevant events may have occurred in Minnesota, given that this is where plaintiffs live. This factor leans toward transfer.

The fourth factor, the convenience of the parties, also leans in favor of transfer. Plaintiffs are located in Minnesota, and the Government "has litigators standing by across the country to defend precisely this kind of lawsuit." *Melnattur*, 2021 WL 3722732, at *7. Plaintiffs' attorney argues that Minnesota is an inconvenient forum for him because he is not admitted to practice in Minnesota and thus plaintiffs will need to hire local counsel. Opp. at 5. However, attorneys can apply for admission *pro hac vice* in other jurisdictions. *See, e.g.*, D. Minn. R. 83.5(d). Despite this slight inconvenience, the convenience of the parties factor still leans in favor of transfer to Minnesota, as that is where all three plaintiffs reside.

The convenience of witnesses factor appears to apply "only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Bourdon*, 235 F. Supp. 3d at 305. Neither party has suggested that any witnesses will be necessary or that they will be unavailable in certain fora. That said, if the plaintiffs will appear as witnesses, Minnesota is certainly a more convenient forum than the District of Columbia.

Finally, the relevant evidence factor is neutral. The administrative record is located in Nebraska, but "modern technology allows most documentary evidence to be easily transferred." *Wolfram Alpha*, 490 F. Supp. 3d at 334 (quoting *Taylor v. Shinseki*, 13 F. Supp. 3d 81, 90 (D.D.C. 2014)). Overall, in light of the lack of deference owed to plaintiffs' choice, defendants' desire to transfer this case to plaintiffs' home forum, and the

convenience to be gained by transferring this case, I find the private interests weigh in favor of transfer.

In addition, I find the relevant public interests tip toward transfer as well.  The public interests courts consider "include (1) the transferee's familiarity with the governing laws and the pendency of related actions in the transferee's forum; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home." *Bourdon*, 235 F. Supp. 3d at 308.

The first factor is neutral because this is a federal case involving federal statutes, and "each district is presumed competent in all matters of federal law." *Wolfram Alpha*, 490 F. Supp. 3d at 335.  In support of the second factor, the Government points us to the U.S. District Court—Caseload Statistics Tables.[2]  However, "these statistics are not perfect indicators of court congestion as they may be influenced by additional factors." *Id.* at 336. And "when statistics regarding relative congestion are mixed"—which is the case here[3]— "this factor should be deemed as neutral." *Id.*

The third factor, "[t]he interest in deciding local controversies at home[,] is the public interest factor of most importance." *Bourdon*, 235 F. Supp. 3d at 308; *accord Wolfram Alpha*, 490 F. Supp. 3d at 338.  Courts consider a wide variety of factors to determine whether a case presents a local controversy, including "where the challenged decision was made; whether the decision directly affected the citizens of the transferee state; the location of the controversy," and "whether there was personal involvement by a

---

[2] Available at:  https://www.uscourts.gov/statistics-reports/caseload-statistics-data-tables.
[3] These statistics show that Minnesota has more pending cases per judgeship than the District of Columbia, but that the median time from filing to disposition is lower in Minnesota.

District of Columbia official." *Bourdon*, 235 F. Supp. 3d at 308.  Plaintiffs do not allege that there was personal involvement in this case by a District of Columbia official. Furthermore, the USCIS's decision will "directly affect[] the citizens of the transferee state"—namely, plaintiffs.  This factor weighs substantially in favor of transfer to the District of Minnesota, where plaintiffs reside.

In sum, I find that both the private and public interest factors, taken together, weigh substantially in favor of transfer of this case to the District of Minnesota.

## CONCLUSION

Accordingly, for the reasons stated above, and upon consideration of the parties' submissions and the entire record herein, it is hereby

**ORDERED** that Defendants' Motion to Transfer and Dismiss [Dkt. # 4, 5] is **GRANTED IN PART** and **DENIED IN PART**; it is **GRANTED** with respect to the motion to transfer and **DENIED WITHOUT PREJUDICE** with respect to the motion to dismiss; it is further

**ORDERED** that the Clerk of Court shall transfer this action to the United States District Court for the District of Minnesota; and it is further

**ORDERED** that defendants shall have leave to refile any appropriate motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure within 30 days of this action being docketed with the transferee court.

**SO ORDERED**.

RICHARD J. LEON
United States District Judge

7